UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 4:22-CR-056 |
| v. | ) |
| | ) PLEA AGREEMENT |
| VIOREL DRAGHIA, | ) |
| | ) |
| Defendant. | ) |

The United States of America (also referred to as "the Government") and the Defendant, VIOREL DRAGHIA, and Defendant's attorney, enter into this Plea Agreement.

**A.  CHARGES**

1.  <u>Subject Offenses</u>.  Defendant will waive Indictment (by executing a separate Waiver of Indictment form) and plead guilty to Count 1 of a United States Attorney's Information charging a violation of Title 18, United States Code, Section 1349, that is conspiracy to commit wire fraud.

2.  <u>No Charges to be Dismissed</u>.  There are no charges to be dismissed.

**B.  MAXIMUM PENALTIES**

3.  <u>Maximum Punishment</u>.  Defendant understands that the crime to which Defendant is pleading guilty to in Count 1 carries a maximum sentence of 20 years in prison; a maximum fine of $250,000; and a term of supervised release of not more than 3 years.  A mandatory special assessment of $100 per count must also be imposed by the Court.

4.  <u>Supervised Release--Explained</u>.  Defendant understands that, during

1

any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced up to two (2) years in prison, without any credit for time previously served.

5. Detention. Provided that Defendant does not violate any conditions of Defendant's pretrial release, and does not appear to be mentally at risk to harm himself or any other person, the Government agrees to recommend that Defendant may remain on pretrial release pending imposition of sentence.

C. **NATURE OF THE OFFENSE – FACTUAL BASIS**

6. Elements Understood. Defendant understands that to prove the offense alleged under **Count 1 (conspiracy to commit wire fraud)**, the Government would be required to prove beyond a reasonable doubt the following elements:

    (a)    Two or more persons reached an agreement to commit wire fraud;

    (b)    Defendant voluntarily and intentionally joined in the agreement; and

    (c)    At the time Defendant joined the agreement, Defendant knew the purpose of the agreement.

7. Factual Basis. As a factual basis for Defendant's plea of guilty, Defendant admits the following:

    (a)    Vermeer Corporation ("Vermeer") is a manufacturer of industrial agricultural equipment, with its headquarters, and multiple manufacturing plants located in Pella, Iowa, which is in the Southern District of Iowa.

2

(b) At all relevant times, Defendant owned, controlled, and operated Draghia Painting & Contracting Co. ("Draghia Contracting"). Through Draghia Contracting, Defendant sought and obtained contracts to complete work on construction projects.

(b) Defendant knew an individual identified as "P.B." and had known P.B. for several years prior to 2019. P.B. and Defendant both had principal places of residence in or around Northern Virginia.

(c) In January 2019, Vermeer hired P.B. to oversee Vermeer construction projects, including projects at its Pella campus. P.B.'s title was Director of Construction. In January 2019, P.B. informed Defendant of P.B.'s new employment at Vermeer and P.B. began to send Defendant, including via email, confidential Vermeer construction project-related information.

(d) Defendant voluntarily and intentionally had an agreement with P.B., to commit wire fraud against Vermeer by agreeing with each other that P.B. would direct certain construction contracts at Vermeer to Draghia Contracting and Defendant would then pay monetary kickbacks to P.B. Defendant and P.B. used interstate wire communications in furtherance of the scheme to defraud Vermeer.

(e) One project that P.B. was overseeing for Vermeer was the construction of the "Vermeer EcoCenter" building in Pella. P.B. and Defendant worked together to formulate proposals, or "bids", for Draghia Contracting to complete certain work on the Vermeer EcoCenter project. Defendant submitted these proposals to the general contractor of the project via email. Defendant and P.B. knowingly and deliberately concealed and failed to disclose their kickback agreement to Vermeer employees and officers and the general contractor. This concealment was material. Specifically, the existence of their kickback agreement was material to the scheme to defraud Vermeer because if Vermeer officials or the general contractor had known about the kickback agreement, Draghia Contracting would not have been awarded a contract for work at Vermeer.

(f) In July 2019 Draghia Contracting was awarded a contract for masonry-related work on the Vermeer EcoCenter. Additional work on Vermeer projects in Pella was awarded to Draghia

3

Contracting between July and October 2019.

(g) The various proposals submitted by Defendant and contracts issued to Draghia Contracting from July through October 2019 were transmitted via email. During that time Defendant, via email, submitted invoices seeking payment for work completed under the contracts. As a result, Defendant received payments for work completed. The above-referenced emails were all interstate wire communications in furtherance of the scheme to defraud Vermeer.

(h) On multiple different dates during the summer and fall of 2019, Defendant paid kickbacks to P.B. for the Vermeer construction work that had been awarded to Draghia Contracting. These kickback payments included multiple checks payable from a checking account in the name of "Viorel Draghia DBA Draghia Painting & Contracting Co." and said checks were made payable to P.B. Defendant knowingly and deliberately concealed and failed to disclose the payment of these kickbacks from Vermeer and the general contractor for the Vermeer EcoCenter project.

8. <u>Truthfulness of Factual Basis</u>. Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

9. <u>Waiver of Rule 410 Rights</u>. The Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this plea agreement, including under the Factual Basis, are admissible against the Defendant. Should Defendant fail to plead guilty

4

pursuant to this plea agreement or move to withdraw his plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

10. <u>Venue</u>. Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D. SENTENCING**

11. <u>Sentencing Guidelines</u>. Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

    (a) The nature of the offense to which Defendant is pleading guilty;

    (b) The amount of money and "loss" involved in the offense;

    (c) Whether sophisticated means were used to commit all or part of the offenses;

    (d) Whether Defendant abused a position of trust;

    (e) Defendant's role in the offense;

    (f) Whether Defendant attempted to obstruct justice in the investigation or prosecution of the offense;

    (g) The nature and extent of Defendant's criminal history (prior convictions); and

    (h) Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction. Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

12. Acceptance of Responsibility. The Government agrees as a recommendation to the District Court that Defendant receive credit for acceptance of responsibility under USSG §3E1.1(a). The Government reserves the right to oppose a reduction under §3E1.1(a) if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise fails to clearly demonstrate acceptance of responsibility. If Defendant qualifies for a decrease under § 3E1.1(a), and the base offense level is 16 or above, as determined by the Court, the Government agrees to make a motion to the District Court that Defendant should receive an additional 1-level reduction under USSG §3E1.1(b), based on timely notification to the Government of Defendant's intent to plead guilty. The government may withhold this motion based on any interest identified in USSG § 3E1.1.

13. Presentence Report. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant

information to the Probation Office for use in preparing a Presentence Report.

14. <u>Disclosure of Presentence Investigation Reports</u>. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

15. <u>Evidence at Sentencing</u>. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

16. <u>Sentence to be Decided by Judge -- No Promises</u>. This Plea Agreement is entered pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the

possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this time what Defendant's actual sentence will be.

17. No Right to Withdraw Plea. Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

**E.     FINES, COSTS, AND RESTITUTION**

18. Fines and Costs. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

19. Special Assessment. Defendant agrees to pay the mandatory special assessment of $100 per count of conviction at or before the time of sentencing, as required by 18 U.S.C. § 3013.

20. Restitution. Defendant agrees that the Court should impose an order of restitution for all relevant conduct in an amount to be determined by the Court; that such order of restitution shall be due and payable immediately; and that if Defendant is not able to make full payment immediately; and that Defendant shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments. Any such payment plan does not preclude the Government from utilizing any collections procedures pursuant to the Federal Debt

8

Collections Act and including the Treasury offset program.

21. <u>Financial Statement</u>. Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office, and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

F. **LIMITED SCOPE OF AGREEMENT**

22. <u>Limited Scope of Agreement</u>. This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

23. <u>Agreement Limited to Southern District of Iowa</u>. This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

24. <u>Immigration Consequences of Defendant's Guilty Plea</u>. Defendant has discussed with Defendant's counsel the impact of Defendant's guilty plea on Defendant's immigration status if Defendant is not a citizen of the United States. Defendant specifically understands that Defendant's guilty plea may restrict Defendant's ability to challenge Defendant's removal from the United States in the

9

future, and that Defendant may be subject to immediate removal from the United States following the service of Defendant's sentence.

25. <u>Vermeer Corporation not a party to this Agreement</u>. Defendant understands that Vermeer Corporation is not a party to this Plea Agreement, and that the "loss" and "restitution" amounts applicable to this criminal case do not resolve any claims that Vermeer Corporation may have against Defendant. Defendant understands that Vermeer Corporation remains free to pursue all lawful civil remedies it may deem appropriate.

G. WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

26. <u>Trial Rights Explained</u>. Defendant understands that this guilty plea waives the right to:

    (a) Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

    (b) A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

    (c) The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

    (d) Confront and cross-examine adverse witnesses;

    (e) Present evidence and to have witnesses testify on behalf of Defendant, including having the court issue subpoenas to compel witnesses to testify on Defendant's behalf;

    (f) Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

    (g) If Defendant is convicted, the right to appeal, with the assistance

of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

27. <u>Waiver of Appeal and Post-Conviction Review</u>. Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge, or to the Court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the Court, to the extent that an appeal is authorized by law. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H. VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

28. <u>Voluntariness of Plea</u>. Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

   (a) Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

   (b) No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

   (c) No one has threatened Defendant or Defendant's family to induce

11

this guilty plea.

(d) Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

29. <u>Consultation with Attorney</u>. Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

(a) Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

(b) Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

(c) Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I. GENERAL PROVISIONS

30. <u>Entire Agreement</u>. This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

31. <u>Public Interest</u>. The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

32. <u>Execution/Effective Date</u>. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated

representatives) shown below.

**J.   SIGNATURES**

33.   <u>Defendant</u>.   I have read all of this Plea Agreement and have discussed it with my attorney.   I fully understand the Plea Agreement and accept and agree to it without reservation.   I do this voluntarily and of my own free will.   No promises have been made to me other than the promises in this Plea Agreement.   I have not been threatened in any way to get me to enter into this Plea Agreement.   I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case.   I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty.   I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

5/14/2022
Date

_____
VIOREL DRAGHIA

34.   <u>Defendant's Attorney</u>.   I have read this Plea Agreement and have discussed it in its entirety with my client.   There is no Plea Agreement other than the agreement set forth in this writing.   My client fully understands this Plea Agreement.   I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion.   I have had full

13

access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

___5/14/2022___         ___F. Montgomery Brown___
Date                                     F. Montgomery Brown
                                         Attorney for Viorel Draghia

                                         F.M. Brown Law Firm, P.L.L.C.
                                         1001 Office Park Road, Suite 108
                                         West Des Moines, Iowa 50265
                                         Telephone: (515) 225-0101
                                         Telefax: (515) 225-3737
                                         E-Mail: hskrfan@fmbrownlaw.com

35. <u>United States</u>. The Government agrees to the terms of this Plea Agreement.

                                         Richard D. Westphal
                                         United States Attorney

___5/16/2022___    By: ___Adam J. Kerndt___
Date                                     Adam J. Kerndt
                                         Assistant U.S. Attorney
                                         U.S. Courthouse Annex, Suite 286
                                         110 East Court Avenue
                                         Des Moines, Iowa 50309
                                         Telephone: 515-473-9300
                                         Telefax: 515-473-9292
                                         E-mail: adam.kerndt@usdoj.gov